IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

|  |  |  |
|---|---|---|
| HOPEWELL CULTURE & DESIGN, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 2:10-CV-00586 |
| ADOBE SYSTEMS INCORPORATED, APPLE, INC., HTC AMERICA, INC., LG ELECTRONICS MOBILECOMM U.S.A, INC., MOTOROLA, INC., NOKIA, INC., OPERA SOFTWARE ASA, PALM, INC., QUICKOFFICE, INC., SAMSUNG ELECTRONICS, USA, INC., SAMSUNG  TELECOMMUNICATIONS AMERICA, L.L.C. | § § § § § § § § § § § | **JURY TRIAL DEMANDED** |
| Defendants, | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Hopewell Culture & Design, LLC ("Plaintiff"), by and through its undersigned counsel, files this Original Complaint against Adobe Systems Incorporated, Apple, Inc., HTC America, Inc., LG Electronics Mobilcomm U.S.A., Inc., Motorola, Inc., Nokia, Inc., Opera Software ASA, Palm, Inc., Quickoffice, Inc., Samsung Electronics USA, Inc., and Samsung Telecommunications America, L.L.C. ( collectively, "Defendants") as follows:

## NATURE OF THE ACTION

1.      This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 7,171,625 entitled "Double-Clicking a Point-and-Click Interface Apparatus to Enable a New Interaction with Content Represented by an Active Visual Display Element" (the "'625 patent"; a copy of which is attached hereto as Exhibit A).  Plaintiff

is the exclusive licensee of the '625 patent with respect to the Defendant. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2. Plaintiff is a limited liability company organized and existing under the laws of the State of Texas. Plaintiff maintains its principal place of business at 101 East Park Blvd, Suite 600, Plano Texas 75074. Plaintiff is authorized to do business in Texas. Plaintiff is the exclusive licensee of the '625 patent with respect to the Defendant, and possesses the right to sue for infringement and recover past damages.

3. Upon information and belief, Adobe Systems Incorporated ("Adobe") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 345 Park Avenue, San Jose, California 95110.

4. Upon information and belief, Apple, Inc. ("Apple") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 1 Infinite Loop, Cupertino, California 95014.

5. Upon information and belief, HTC America, Inc. ("HTC") is a corporation organized and existing under the laws of the State of Washington, with its principal place of business located at 13920 SE Eastgate Way, Suite 400, Bellevue, Washington 98005.

6. Upon information and belief, LG Electronics Mobilcomm U.S.A., Inc. ("LG") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 10101 Old Grove Road, San Diego, California 92131.

7. Upon information and belief, Motorola, Inc. ("Motorola") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1303 East Algonquin Road, Schaumburg, Illinois 60196.

8. Upon information and belief, Nokia, Inc. ("Nokia") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 102 Corporate Park Drive, White Plains, New York 10604.

9. Upon information and belief, Opera Software ASA. ("Opera") is a corporation organized and existing under the laws of Norway and registered and operating under the laws of California, with its principal place of business in the United States located at 1875 South Grant Street, Suite #750, San Mateo, California 94402.

10. Upon information and belief, Palm, Inc. ("Palm") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 950 W. Maude Ave, Sunnyvale, CA 94085.

11. Upon information and belief, Quickoffice, Inc. ("Quickoffice") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 4965 Preston Park Boulevard, Suite 500, Plano, Texas 75093.

12. Upon information and belief, Samsung Electronics, USA, Inc. ("Samsung") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 105 Challenger Road, Ridgefield Park, New Jersey 07660.

13. Upon information and belief, Samsung Telecommunications America, L.L.C. ("Samsung Telecom") is a company organized and existing under the law of the State of Delaware, with its principal place of business located at 1301 E. Lookout Dr., Richardson, TX 75082

## JURISDICTION AND VENUE

3

14.    This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.   This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

15.    The Court has personal jurisdiction over each Defendant because: each Defendant has minimum contacts within the State of Texas and the Eastern District of Texas; each Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; each Defendant has sought protection and benefit from the laws of the State of Texas; each Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas; and Plaintiff's cause of action arises directly from each Defendant's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

16.    More specifically, each Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of Texas, and the Eastern District of Texas.   Upon information and belief, each Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas, has contributed to patent infringement in the State of Texas and in the Eastern District of Texas, and/or has induced others to commit patent infringement in the State of Texas and in the Eastern District of Texas.   Each Defendant solicits and has solicited customers in the State of Texas and in the Eastern District of Texas. Each Defendant has many paying customers who are residents of the State of Texas and the Eastern District of Texas and who each use and have used the respective Defendants' products and services in the State of Texas and in the Eastern District of Texas.

17.    Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**COUNT I – PATENT INFRINGEMENT**

18.    The '625 patent was duly and legally issued by the United States Patent and Trademark Office on January 30, 2007 after full and fair examination.  Plaintiff is the exclusive licensee of the '625 patent with respect to the Defendant, and possesses all rights of recovery under the '625 patent with respect to the Defendant, including the right to sue for infringement and recover past damages.

19.    Upon information and belief, Defendant Adobe has infringed and continues to infringe one or more claims of the '625 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, software for mobile devices, including Adobe Reader software, allowing a user to double click or double tap a visual element representing interactive content and interact with a second version of the interactive content.

20.    Upon information and belief, Defendant Apple has infringed and continues to infringe one or more claims of the '625 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, mobile devices, including the iPhone and iPad, having software allowing a user to double click or double tap a visual element representing interactive content and interact with a second version of the interactive content.

21.    Upon information and belief, Defendant HTC has infringed and continues to infringe one or more claims of the '625 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States,

mobile devices, including the Droid Eris, Droid Incredible, Hero and EVO smartphones, having software allowing a user to double click or double tap a visual element representing interactive content and interact with a second version of the interactive content.

22.    Upon information and belief, Defendant LG has infringed and continues to infringe one or more claims of the '625 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, mobile devices, including the Envy Touch, having software allowing a user to double click or double tap a visual element representing interactive content and interact with a second version of the interactive content.

23.    Upon information and belief, Defendant Motorola has infringed and continues to infringe one or more claims of the '625 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, mobile devices, including the Droid and Droid X, having software allowing a user to double click or double tap a visual element representing interactive content and interact with a second version of the interactive content.

24.    Upon information and belief, Defendant Nokia has infringed and continues to infringe one or more claims of the '625 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, mobile devices, including the N900 and N97, having software allowing a user to double click or double tap a visual element representing interactive content and interact with a second version of the interactive content.

25.    Upon information and belief, Defendant Opera has infringed and continues to infringe one or more claims of the '625 patent by making, using, providing, offering to sell, and

selling (directly or through intermediaries), in this district and elsewhere in the United States, software for mobile devices, including Opera Mini software, allowing a user to double click or double tap a visual element representing interactive content and interact with a second version of the interactive content.

26.    Upon information and belief, Defendant Palm has infringed and continues to infringe one or more claims of the '625 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, mobile devices, including the Palm Pre, having software allowing a user to double click or double tap a visual element representing interactive content and interact with a second version of the interactive content.

27.    Upon information and belief, Defendant Quickoffice has infringed and continues to infringe one or more claims of the '625 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, software for mobile devices, including Quickoffice Connect Mobile Suite software, allowing a user to double click or double tap a visual element representing interactive content and interact with a second version of the interactive content.

28.    Upon information and belief, Defendant Samsung has infringed and continues to infringe one or more claims of the '625 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, mobile devices, including the Captivate and Rogue smartphones, having software allowing a user to double click or double tap a visual element representing interactive content and interact with a second version of the interactive content.

29.     Upon information and belief, Defendant Samsung Telecom has infringed and continues to infringe one or more claims of the '625 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, mobile devices, including the Captivate and Rogue smartphones, having software allowing a user to double click or double tap a visual element representing interactive content and interact with a second version of the interactive content.

30.     Each Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

31.     Plaintiff is entitled to recover from the Defendants the damages sustained by Plaintiff as a result of the Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

32.     Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

A.     An adjudication that one or more claims of the '625 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

8

B. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendants' acts of infringement together with pre-judgment and post-judgment interest;

C. That the Defendants' acts of infringement be found to be willful from the time that Defendants became aware of the infringing nature of its actions, which is the time of filing of Plaintiff's Original Complaint at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

D. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

E. Any further relief that this Court deems just and proper.

Respectfully submitted,

Dated: December 22, 2010

By: /s/ Hao Ni
Hao Ni
TX State Bar No. 24047205
**NI LAW FIRM, PLLC**
3102 Maple Avenue, Suite 400
Dallas, TX 75201
Telephone: (214) 800-2208
Facsimile: (214) 800-2209
hni@nilawfirm.com

**ATTORNEY FOR PLAINTIFF
HOPEWELL CULTURE &
DESIGN, LLC**

9