UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HOPEWELL CULTURE & DESIGN, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS USA, INC., et al.,<br><br>Defendants. | Civil Action No. 2:10-CV-00586-DF-CE<br><br>JURY TRIAL DEMANDED |

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS SAMSUNG ELECTRONICS AMERICA, INC. AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC TO THE COMPLAINT OF PLAINTIFF HOPEWELL CULTURE & DESIGN, LLC**

Defendants Samsung Electronics America, Inc.[1] and Samsung Telecommunications America, LLC (collectively, "Samsung" unless otherwise noted), file this Answer and Counterclaims to the Complaint for Patent Infringement dated December 22, 2010 ("Complaint") of Plaintiff Hopewell Culture & Design, LLC ("Hopewell").

**I. ANSWER**

Samsung responds to the allegations in each of the corresponding numbered paragraphs of the Complaint below. To the extent the headings of the Complaint are construed as allegations, they are each denied.

Nature of the Action

1.   Samsung admits that this is an action for alleged patent infringement, that the asserted patent is United States Patent No. 7,171,625, entitled "Double-Clicking a Point-and-

---

[1] Hopewell's Complaint, filed on December 22, 2010, incorrectly names "Samsung Electronics USA, Inc."; the correct name is "Samsung Electronics America, Inc." Although Samsung has notified the plaintiff of its error, the plaintiff has failed to take corrective action. Samsung Electronics America, Inc. responds in this Answer as if it had been properly identified in the Complaint.

Click Interface Apparatus to Enable a New Interaction with Content Represented by an Active Visual Display Element" (hereinafter "the '625 Patent") and that a document purported to be the '625 Patent is attached to the Complaint. Samsung denies that it infringes the '625 Patent. Samsung lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 1, and on that basis denied.

## The Parties

2. Samsung lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 2, and on that basis denied.

3. Samsung lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 3, and on that basis denied.

4. Samsung lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 4, and on that basis denied.

5. Samsung lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 5, and on that basis denied.

6. Samsung lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 6, and on that basis denied.

7. Samsung lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 7, and on that basis denied.

8. Samsung lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 8, and on that basis denied.

9. Samsung lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 9, and on that basis denied.

10. Samsung lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 10, and on that basis denied.

11. Samsung lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 11, and on that basis denied.

12. Samsung Electronics America, Inc., the correctly-identified entity, admits that it is a New York corporation with place of business in Ridgefield Park, New Jersey 07660. Samsung denies the remaining allegations of Paragraph 12.

13. Samsung Telecommunications America, LLC admits that it is a Delaware limited liability company with a place of business at 1301 E. Lookout Drive, Richardson, Texas 75082. Samsung denies the remaining allegations of Paragraph 13.

Jurisdiction and Venue

14. Admitted.

15. Samsung admits that it is subject to personal jurisdiction in the Eastern District of Texas. As to the remaining allegations of Paragraph 15 relating to Samsung, Samsung lacks knowledge or information sufficient to form a belief, and on that basis denied. As to allegations of Paragraph 15 relating to the remaining defendants, Samsung lacks knowledge or information sufficient to form a belief, and on that basis denied.

16. Samsung denies it has committed patent infringement in the State of Texas or in the Eastern District of Texas; denies it has contributed to patent infringement in the State of Texas or in the Eastern District of Texas; and denies it has induced others to commit patent infringement in the State of Texas or in the Eastern District of Texas. As to the remaining allegations of Paragraph 16, Samsung lacks knowledge or information sufficient to form a belief, and on that basis denied.

17. Samsung admits that venue is proper as to Samsung. As to the allegations of Paragraph 17 relating to the remaining defendants, Samsung lacks knowledge or information sufficient to form a belief, and on that basis denied.

### Count I - Patent Infringement

18. Samsung admits that the '625 Patent bears on its face a January 30, 2007 issue date. Samsung lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 18, and on that basis denied.

19. Samsung lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 19, and on that basis denied.

20. Samsung lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 20, and on that basis denied.

21. Samsung lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 21, and on that basis denied.

22. Samsung lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 22, and on that basis denied.

23. Samsung lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 23, and on that basis denied.

24. Samsung lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 24, and on that basis denied.

25. Samsung lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 25, and on that basis denied.

26. Samsung lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 26, and on that basis denied.

27. Samsung lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 27, and on that basis denied.

28. Denied.

29. Denied.

30. Samsung lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 30, and on that basis denied.

31. As to Samsung, denied.  As to the remaining defendants, Samsung lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 31, and on that basis denied.

## Jury Demand

32. Paragraph 32 does not require a response from Samsung.

## Prayer for Relief

Samsung denies that Hopewell is entitled to any of the relief sought in Paragraphs A-E of its prayer for relief against Samsung, and requests that the Court deny all such relief to Hopewell in its entirety and with prejudice, and requests that Hopewell take nothing.

## II.  DEFENSES

In further answering Hopewell's Complaint, Samsung pleads the following defenses and/or affirmative defenses, without admitting that Samsung would bear the burden of proof on any of the following:

## Failure to State a Claim

33. The Complaint fails to state a claim upon which relief can be granted.

## Non-Infringement

34. Samsung has not willfully, intentionally, recklessly, knowingly, or

otherwise infringed (literally or by equivalents), induced infringement of, or contributed to the infringement of any valid and enforceable claim of the '625 Patent, as properly construed.

### Invalidity

35. The '625 Patent is invalid for failure to comply with the statutory requirements of one or more of the provisions in Title 35 of the United States Code, including §§ 101, 102, 103, 112, 116, 119 and/or 120.

### Prosecution History Estoppel

36. To the extent that any of Hopewell's allegations of infringement are construed or asserted to be allegations of infringement under the judicially-enunciated doctrine of equivalents, on information and belief, all or some of Hopewell's claims for relief are barred by the doctrine of prosecution history estoppel.

### Laches, Estoppel

37. On information and belief, all or some of Hopewell's claims for relief are barred by the doctrines of laches and/or equitable estoppel.

### Unclean Hands

38. On information and belief, Hopewell's claims for relief are barred due to unclean hands.

39. On information and belief, Hopewell's claims for relief are limited by 35 U.S.C. §§ 286 and 287, and Hopewell's recovery of costs is limited under 35 U.S.C. § 288.

40. Samsung reserves the right to assert any other defenses for which discovery may reveal a basis.

## III. COUNTERCLAIMS

Samsung Telecommunications America, LLC hereby alleges the following Counterclaims against Hopewell:

### The Parties

41. Counterclaim Plaintiff Samsung Telecommunications America, LLC ("STA") is a Delaware limited liability company with a place of business in Richardson, Texas.

42. On information and belief, Hopewell Culture & Design, LLC is a limited liability company with a principal place of business in Plano, Texas.

### Jurisdiction and Venue

43. STA's Counterclaim arises under the United States Patent Act, 35 U.S.C. §1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. The Court has subject matter jurisdiction over Samsung's Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has personal jurisdiction over Hopewell at least by virtue of Hopewell's filing of the Complaint against Samsung in this Court, and venue is proper in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

## COUNT ONE

## DECLARATION OF NON-INFRINGEMENT

44. STA repeats and incorporates by reference the allegations of paragraphs 1-44 above as if fully set forth herein.

45. On December 22, 2010, Hopewell filed a Complaint naming STA as a defendant.

46. The Complaint alleges that STA infringes U.S. Patent No. 7,171,625 ("the '625 Patent") by its manufacture, use, sale, importation and/or offer for sale of its products,

including but not limited to certain mobile phones, and is contributing to and inducing others to manufacture, use, sell, import and/or offer for sale infringing products.

47. STA has not infringed, contributed to the infringement of, or induced infringement of any valid and enforceable claim of the '625 Patent.

48. An actual controversy exists between STA and Hopewell regarding Hopewell's allegations of infringement of the '625 Patent.

49. Pursuant to 28 U.S.C. §§ 2201 and 2202, STA is entitled to a declaratory judgment that it has not infringed, contributed to the infringement of, or induced infringement of any valid and enforceable claim of the '625 Patent.

## COUNT TWO

## DECLARATION OF INVALIDITY

50. STA repeats and incorporates by reference the allegations of paragraphs 1-49 above as if fully set forth herein.

51. One or more of the claims of the '625 Patent is invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103, 112, 116, 119 and/or 120.

52. An actual controversy exists between STA and Hopewell regarding the validity of the '625 Patent.

53. Pursuant to 28 U.S.C. §§ 2201 and 2202, STA is entitled to a declaratory judgment that the claims of the '625 Patent are invalid in part or in whole.

## PRAYER FOR RELIEF

For these reasons, Samsung respectfully prays for the following relief:

a. Declaratory judgment that Samsung has not infringed, contributed to the infringement of, or induced infringement of any claim of the '625 Patent;

b. Declaratory judgment that the claims of the '625 Patent are invalid;

c. Judgment against Hopewell dismissing the Complaint and denying with prejudice all relief requested in Hopewell's Complaint and its prayer therein, such that Hopewell takes nothing;

d. Judgment that this case is an exceptional case under 35 U.S.C. § 285 and/or other applicable laws;

e. Judgment awarding Samsung its costs and attorneys' fees; and

f. Judgment awarding Samsung such other relief the Court deems just, equitable, and proper.

## JURY DEMAND

Samsung demands a trial by jury on all issues so triable.

Date:  February 28, 2011                                  Respectfully submitted,

                                                          /s/Melissa Richards Smith
                                                          Melissa Richards Smith
*Of Counsel*                                              State Bar No. 24001351
                                                          melissa@gillamsmithlaw.com
Michael J. Barta                                          GILLAM & SMITH, L.L.P.
District of Columbia Bar No. 431663                       303 South Washington Avenue
michael.barta@bakerbotts.com                              Marshall, Texas 75670
BAKER BOTTS L.L.P.                                        903/934-8450
The Warner                                                903/934-9257 Facsimile
1299 Pennsylvania Ave., NW
Washington, D.C. 20004-2400

| | |
|---|---|
| 202/639-7700 | *Attorneys for Defendants* |
| 202/639-7890 Facsimile | Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC |

Neil P. Sirota
New York Bar No. 2562155
neil.sirota@bakerbotts.com
Robert L. Maier
New York Bar No. 4123246
robert.maier@bakerbotts.com
Chang Sik (Charles) Kim
New York Bar No. 4213021
changsik.kim@bakerbotts.com
Colin B. Moodie
New York Bar No. 4620480
colin.moodie@bakerbotts.com
BAKER BOTTS L.L.P.
30 Rockefeller Plaza, 44th Floor
New York, New York 10112-4498
212/408-2500
212/408-2501 Facsimile

## **CERTIFICATE OF SERVICE**

    I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 28th day of February 2011.

                                                            */s/Melissa Richards Smith*
                                                             Melissa Richards Smith