**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| HOPEWELL CULTURE & DESIGN, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 2:10-CV-00586 |
| ADOBE SYSTEMS INCORPORATED, | § | |
| APPLE INC., HTC AMERICA, INC., | § | |
| LG ELECTRONICS MOBILECOMM | § | **JURY TRIAL DEMANDED** |
| USA, INC., MOTOROLA, INC. | § | |
| NOKIA, INC., OPERA SOFTWARE ASA, | § | |
| PALM, INC., QUICKOFFICE, INC., | § | |
| SAMSUNG ELECTRONICS, USA, INC., | § | |
| SAMSUNG TELECOMMUNICATIONS | § | |
| AMERICA, LLC. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS APPLE INC., ADOBE SYSTEMS, INC., LG ELECTRONICS
MOBILECOMM USA, INC., HTC AMERICA, INC., QUICKOFFICE, INC., SAMSUNG
ELECTRONICS AMERICA INC., AND SAMSUNG TELECOMMUNICATIONS
AMERICA LLC's MOTION TO TRANSFER VENUE TO UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA UNDER
28 U.S.C. §1404(a)**

Defendants Apple Inc. ("Apple"); Adobe Systems, Incorporated ("Adobe Systems"); LG

Electronics Mobilecomm USA, Inc. ("LGE"); HTC America, Inc. ("HTC America");

Quickoffice, Inc. ("Quickoffice"); Samsung Electronics America, Inc.[1] ("Samsung Electronics");

and Samsung Telecommunications America, L.L.C. ("Samsung Telecommunications"),

collectively "the Moving Defendants," respectfully move this Court to transfer this civil action

from the United States District Court for the Eastern District of Texas to the Northern District of

---

[1] Defendant Samsung Electronics America, Inc. is misnamed "Samsung Electronics USA, Inc."
in Plaintiff's Original Complaint. Samsung Electronics notified Plaintiff of this error, and
subsequently reflected the correction in its Answer (Dkt. # 39), but Plaintiff has yet to take any
corrective action.

California under 28 U.S.C. §1404(a).  The Northern District of California is most convenient because it has compulsory process over crucial non-party witnesses; and important documents and other evidence may be found there, including critical factual information pertaining to (i) the design, marketing and sale of the accused products, (ii) the conception and reduction to practice of the patented invention, (iii)  ownership and standing to sue, and (iv) compliance with the duty of candor to the PTO, and potentially invalidating prior art, all as described below.[2]

## I.    NATURE AND STAGE OF PROCEEDINGS

This case has only the barest connection to the Eastern District of Texas, while the Northern District of California has far greater interest in and ties to the issues involved in this litigation. The patent-in-suit was filed by a Northern California inventor, prosecuted by a Northern California attorney, and originally assigned to a Northern California company that leases or sells computer software.   The plaintiff company, Hopewell Culture and Design ("Hopewell"), claims to be the exclusive licensee of the patent-in-suit, U.S. Patent No. 7,171,625 (the "'625 patent").   Hopewell was incorporated in Texas only two weeks before this case was filed and is not known to have any employees in the Eastern District of Texas.   Other than maintaining this lawsuit, Hopewell is not known to have any business operations in Texas. Movants are not aware of any information suggesting that Hopewell has any business operations apart from asserting the '625 patent in this lawsuit.

Hopewell joined a total of eleven defendants in this action, of which nine remain.  With two exceptions, none of the remaining defendants have any relevant business operations within

_____

[2] The non-moving defendants – Motorola Mobility, Inc. ("Motorola Mobility"), which has been substituted for Motorola, Inc., and Palm, Inc. ("Palm") – have stated they do not oppose the motion.  Two other original defendants – Opera Software ASA and Nokia, Inc. – have been dismissed from the case.

this District.   As the Complaint admits, three of the remaining defendants – Apple, Adobe

Systems, and Palm – have their principal place of business in the Northern District of California.

Original Complaint (Dkt. # 1), ¶¶ 3, 4, 10.   A fourth, LGE, is a California corporation, with its

principal place of business in San Diego California.   *Id.,* ¶ 6.   HTC America is headquartered in

Bellevue Washington (*id.*, ¶ 5), but conducts substantial business in the Northern District of

California.[3]   Motorola Mobility is headquartered in Libertyville, Illinois, but also has branch

offices in California, including four in the Northern District of California (one of which is a

"principal office").[4]   Samsung Electronics has its principal place of business in New Jersey, but

also has branch offices in California, including one in the Northern District of California.[5]   Only

two defendants, Quickoffice (headquartered in Plano, Texas) and Samsung Telecommunications

(headquartered in northern Richardson, Texas), have their principal places of business in the

Eastern District of Texas.   Both of these defendants, however, have offices and/or employees

located in California (and one in the Northern District of California),[6] and both have joined this

motion to transfer.

      This case is still in the early stages.   Apple, Adobe, LG, HTC America, Quickoffice,

Palm, and the two Samsung entities have answered the complaint.   Motorola Mobility has

received a series of extensions and has not yet answered or otherwise responded to the

complaint.   Opera Software and Nokia were both dismissed prior to filing an answer.

---

[3] *See* Exhibit 2, Declaration of Jon Maron ("Maron Decl"), ¶ 7.

[4] Powley Decl., ¶ 4 & Exs. L & N.

[5] Powley Decl. ¶ 4 & Ex. M.

[6] Exhibit 3, Declaration of Andries Marx ("Marx Decl."), ¶ 3;  Powley Decl. ¶ 4 & Ex. M.

## II.     STATEMENT OF FACTS

### A.     The Plaintiff Is A Non-Practicing Entity Formed Days Before This Litigation Was Filed And, Apart From This Lawsuit, Appears To Have No Other Real Contacts To Texas

Hopewell was formed as a Texas entity on December 6, 2010 almost certainly for the purpose of attempting to create jurisdiction in this District. *See* Ex. 4, Declaration of Susan E. Powley ("Powley Decl.")  ¶ 4 & Ex. A.  This case was filed approximately two weeks later, on December 22, 2010.  The Moving Defendants are unaware of any business activities conducted by Hopewell in this District, apart from assertion of the '625 patent.  Hopewell has not alleged that it manufactures products, employs anyone, or does anything of substance in this District.

### B.     Critical Third Party Witnesses And Documents Related To The '625 Patent Are Located In The Northern District Of California

Despite Hopewell's attempts to manufacture contacts with this District, most of the relevant evidence related to the '625 patent is located in the Northern District of California. Documents and testimony from the inventor, the prosecuting attorney and Actify are likely to be key to this litigation, and all are located in the Northern District of California.

The sole named inventor of the '625 patent, Cristiano Sacchi, resided in San Francisco, California at the time the application leading to the '625 patent was filed.  Complaint, Exhibit A ('625 patent, page 1);  Powley Decl. ¶ 4 & Ex. G.  It appears Mr. Sacchi is a former vice-president of Actify, Inc. ("Actify"), a California company, and that he assigned his interests in the '625 patent to Actify in June of 2002.  Powley Decl. ¶ 4 & Exs. B & C.  Mr. Sacchi appears currently to be the CEO of a San Francisco based company, Novedge.  Powley Decl. ¶ 4 & Exs. D - F.

Actify was located in San Francisco, California at the time Mr. Sacchi assigned the application to it.   Powley Decl. ¶ 4 & Ex. C.   Actify, Inc. remains in business and is

headquartered in San Francisco.  Powley Decl. ¶ 4 & Ex. I.  David R. Graham is the attorney who prosecuted the '625 patent.  Complaint, Exhibit A, pages 1-2.  Mr. Graham was located in Milpitas, California when the application was filed.  Powley Decl. ¶ 4 & Ex. G.  Mr. Graham is still located at the same address in Milpitas, California, a city in Santa Clara County and within the Northern District of California.  Powley Decl. ¶ 4 (discussion of Ex. H).

Critical third party evidence relating to the issues of invalidity and inequitable conduct are also within subpoena range in the Northern District of California.  The only drawings in the '625 patent appear to be  two screenshots of an Actify software program called SpinFire.  Complaint, Exhibit A, pages 1-2.  A press release available on the Actify website indicates that a version of its SpinFire software was on sale as early as May 15, 2001, more than one year before the application for the '625 patent was filed on June 18, 2002.  Powley Decl. ¶ 4 & Ex. J.  The prosecution history for the '625 patent does not reflect any filing of an Information Disclosure Statement ("IDS"), by the inventor, his attorney, or anyone else at Actify during the prosecution of the application leading up to the '625 patent concerning the software being sold by Actify.  Powley Decl. ¶ 5.

As the foregoing demonstrates, third party documents and testimony from Mr. Sacchi, the sole named inventor, the prosecuting attorney, and current or former employees of Actify in addition to Mr. Sacchi are likely to be key to this litigation, and all are located in the Northern District of California.

**C.**   **Five Defendants Have Relevant Documents And Witnesses Located In Or Near The Northern District Of California**

Apple, Adobe Systems, HTC America, LG Electronics and Palm have witnesses and documents located in or near the Northern District of California.  Apple is a California corporation headquartered in Cupertino, California, which lies within the Northern District of

California.  Apple's likely witnesses with knowledge relevant to this case are also located in Cupertino.  No known Apple witnesses with knowledge relevant to this case are located in the Eastern District of Texas, and Apple's relevant records relating the accused devices are located in Cupertino. Ex. 1, Declaration of Joel Podolny, ("Podolny Decl."),¶¶. 2, 4-7.

Adobe Systems is a Delaware corporation, headquartered in San Jose, California, which also lies in the Northern District of California.  Adobe Systems' likely witnesses are located in San Jose or in Noida, India.  No known Adobe witnesses are located in the Eastern District of Texas, and Adobe's relevant records relating the accused Adobe Reader for Android software are located San Jose and/or Noida, India.  Declaration of Marilyn Becker ("Becker Decl."), ¶¶ 2-7 (filed under seal concurrently with this motion, together with an unopposed motion to seal).

HTC America has its principal place of business (approximately 125 employees) in Bellevue, Washington (in the Seattle area), and it is a Washington State corporation.  All of its employees  expected to testify or to be deposed in this case are located in Washington State, as are HTC America records relating to the accused Droid Eris, Droid Incredible, Hero, and EVO handsets.  *See* Maron Decl., ¶¶ 5-9. HTC America has no offices or retail stores in Texas.  Maron Decl., ¶ 6.

Two other defendants, LGE and Palm, are headquartered in California (Palm in San Jose and LGE in San Diego).  Accordingly, the bulk of relevant documents and witnesses from these two defendants will likely be located in California.

In view of the foregoing, transfer is appropriate because the Northern District of California is a venue where this action could have been brought in the first instance, is where the key witnesses and evidence concerning the alleged invention are found, and is a closer, more accessible and more convenient venue for many of the witnesses who will testify in this case,

including in particular the non-party witnesses.  Finally, the allegedly infringing technology was developed for Actify, which is headquartered in San Francisco, and by an inventor (Sacchi) who was and is located in San Francisco.  The Northern District of California thus has a far greater interest in resolving this dispute than the Eastern District of Texas.

## III.   ARGUMENT

### A.   <u>The Legal Standard</u>

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  In a series of recent cases, the Fifth and Federal Circuits have enunciated the standard to be used in deciding motions to transfer venue.  *See In re Volkswagen of America, Inc.*, 566 F.3d 1349 (Fed. Cir. 2009) [hereinafter *Volkswagen III*];  *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008) (applying the Fifth Circuit's en banc *Volkswagen II* decision to rulings on transfer motions out of this circuit); *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) [hereinafter *Volkswagen II*].  The moving party must show "good cause," and this burden is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient."  *Volkswagen II*, 545 F.3d at 315.

A threshold question is whether the suit could have been brought in the proposed transferee district.  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *Volkswagen I*].  If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district.  In making the convenience determination, the Fifth Circuit considers several private and public interest factors, none of which are given dispositive weight.  *Id*.  "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of

7

witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'"  *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I*, 371 F.3d at 203).  "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict laws [or in] the application of foreign law.'"  *Id.* (quoting *Volkswagen I*, 371 F.3d at 203).

**B.**      **The Court Should Order Transfer Because Movants Have Met Their Burden**

Applying the uncontroverted facts to the public and private interest factors, Movants demonstrate that the Northern District of California is clearly more convenient than is the Eastern District of Texas.  Consequently, the Court should grant the instant motion to transfer.

1.      Hopewell Could Have Brought This Action Against All Defendants In The Northern District Of California

Hopewell could have brought this action against all defendants in the Northern District of California.  Indisputably, all the products Hopewell accuses of infringement are sold, distributed, and/or used in the Northern District of California.  Three Defendants (Apple, Adobe Systems, and Palm) are headquartered in the Northern District of California.  A fourth (LGE) is a California corporation, headquartered in San Diego.  The remaining defendants either have offices and/or employees or do substantial business in the Northern District of California.  *See supra*, Part I, pp. 2-3.  Indeed, for most Defendants, those contacts are more substantial than their contacts with the Eastern District of Texas.  Thus, all of the remaining Defendants have the requisite "minimum contacts" with the Northern District of California such that Hopewell could have brought this action against them there.

2.     The Private-Interest Factors Weigh Heavily In Favor Of Transfer To The Northern District Of California

a.     <u>The Northern District Of California Has Significantly Greater Access To The Primary Sources Of Proof</u>

The first private interest factor is relative ease of access to sources of proof. Here, this factor tips decisively in favor of the Northern District of California. First, the vast majority of third party physical evidence and third party witnesses identified to date relate to the critical issues of invalidity and enforceability and are located in or near San Francisco, California. Powley Decl. ¶¶ 4, 5. The named inventor apparently remains in San Francisco. Powley Decl. ¶ 4 & Exs. D-F. His testimony and documents will be central to the issues of invalidity and inequitable conduct.

Any research and development concerning the subject matter of the '625 patent occurred in San Francisco, and relevant documents (other than those possessed by Mr. Sacchi), including inventor notebooks and pre-statutory bar versions of SpinFire, are likely to be in the offices of Actify in San Francisco. Powley Decl. ¶4, Exs. I-K. Access to Actify documents and witnesses likely also will be central to the issues of invalidity, inequitable conduct, and ownership/standing. Actify's documents and testimony also will be important to damages issues, including whether Hopewell is barred from pre-suit damages for failure of Actify to mark any products embodying the claimed subject matter.

In addition, the attorney who prosecuted the '625 patent is also located in the Northern District of California. Powley Decl. ¶ 4 & Exs. G-H. Second, the majority of Defendants' documents and witnesses also are located in or near the Northern District of California. Three defendants (Apple, Adobe Systems, and Palm) are headquartered in Northern California. Moving Defendant's Apple's and Adobe Systems' relevant documents and witnesses are located outside of the Eastern District of Texas, and primarily in the Northern District of California. *See*

Podolny Decl., ¶¶ 5-7;  Becker Decl., ¶¶ 4-5.  Palm is also headquartered in the Northern District of California, and it presumably also has relevant documents and witnesses within that district. Defendant HTC America is located on the West Coast in Bellevue Washington, where its relevant documents and likely witnesses are also located.  Maron Decl. ¶¶ 5, 9.  Defendant LGE is headquartered in San Diego.  Thus, the majority of its witnesses and documents in the United States that are potentially relevant to this case are located in California.   Samsung Electronics is headquartered in New Jersey, and it presumably has relevant documents and witnesses located there.   In contrast, only two defendants, Quickoffice and Samsung Telecommunications, are headquartered in this District.

This factor tips decidedly in favor of transfer.

> b.  The Northern District Of California Has The Availability Of Compulsory Process Over Witnesses That Is Lacking In The Eastern District Of Texas

The subpoena power of the Northern District of California weighs heavily in favor of transfer.   When third-party evidence is likely to be critical, as is expected here, the relative subpoena powers of the transferee and transferor court over non-party witnesses is an important tipping factor.  *In re Acer,* 626 F. 3d 1252, 1255 (Fed. Cir. 2010) ("By comparison, the subpoena powers of the Northern District of California may be expected to be invaluable, in the event process is required to hale relevant witnesses into court.   This factor surely tips in favor of transfer.").

As explained above, the testimony of current and former Actify employees, including the named inventor of the patent-in-suit, is likely integral to the issues in this case (*e.g..* invalidity, unenforceability, and damages).   The testimony of the prosecuting attorney also will be relevant to the issue of inequitable conduct.   These are all non-party witnesses believed to be in the Northern District of California, where compulsory process will be available to secure their

attendance in the Northern District of California, not the Eastern District of Texas.  Fed. R. Civ.

P.  45(c)(3)(A)(ii) (limiting a court's subpoena power to within 100 miles from the courthouse.

*See also Volkswagen II*, 545 F.3d at 316.

That so many critical third party witnesses are located in Northern California – witnesses

subject to compulsory process in California, but not in Texas – is central to the transfer analysis.

*See In re Genentech*, 566 F.3d at 1345 ("[t]he fact that the transferee venue is venue with usable

subpoena power here weighs in favor of a transfer, and not only slightly.").

c.      Cost Of Attendance For A Substantial Number Of Witnesses Is
        Less In The Northern District Of California

Another important fact in the transfer analysis is the convenience and costs associated

with attendance by witnesses.  *See Genentech*, 566 F.3d at 1343;  *Volkswagen I*, 371 F.3d at 205-

206; *In re Nintendo*, 589 F.3d 1194, 1198-99 (Fed. Cir. 2009). The court must consider the

convenience of both party and non-party witnesses.   *See id*. at 204 (requiring courts to

"contemplate consideration of the parties and witnesses"); *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F.

Supp. 2d 761, 765-66 (E.D. Tex. 2009).  The cost of attendance for many of the likely witnesses

will be substantially reduced by transferring this case to the Northern District of California.

In *Genentech*, the Federal Circuit found a clear abuse of discretion in denying transfer

when, *inter alia*, a "substantial number of material witnesses reside[d] within the transferee

venue [the Northern District of California]" and no witnesses resided in the district in which it

was filed.  566 F.3d at 1345 (Fed. Cir. 2009).  In *Nintendo*, witness convenience weighed heavily

in the Federal Circuit's decision to grant mandamus, when  witnesses residing on the west coast

and in Asia would be forced to travel significantly farther if the case proceeded in this District

instead of Washington State.  589 F.3d at 1199.

As in *Genentech*, where the defendants were headquartered in San Francisco and San Diego, many of the defendants here are headquartered in or near California.  HTC America's witnesses work at its headquarters in the Seattle area, which is far closer to the Northern District of California than to the Eastern District of Texas.  Moreover, none of the defendants – even those that may have witnesses for whom the Eastern District of Texas may be closer forum – have indicated that they oppose the motion.  Seven defendants have joined the motion, and the other two have affirmatively state they do not oppose it.

In addition, the Moving Defendants know of no Hopewell employee witnesses having relevant knowledge residing in this District, not surprising for a company formed a mere two weeks before filing this lawsuit.  *Software Rights Archive, LLC v. Google, Inc.*, 2010 U.S. Dist. LEXIS 73972 (E.D.Tex. July 22, 2010) [hereinafter "*SRA*"] at *16 ("establishing a principal place of business in this district shortly before filing suit does not create a local interest") (citing Federal Circuit precedent).  Here, as in *TS Tech*, *Genentech*, *Nintendo*, and *Microsoft,* there is a stark contrast in relevance, convenience, and fairness between the Northern District of California and the Eastern District of Texas.

Finally, the fact that Hopewell chose to file in this District is not a sufficient basis to deny transfer to the Northern District of California and, indeed, is entitled to little weight.  *In re TS Tech.*, 551 F.3d at 1320 ("Fifth Circuit precedent clearly forbids treating the plaintiff's choice of venue as a distinct factor in the § 1404(a) analysis.") (citing *Volkswagen II*, 545 F. 3d at n. 10). Moreover, that Hopewell claims to be located in the Eastern District of Texas, having been formed about two weeks before the filing of suit, is not a basis on which to prevent transfer.  *See In re Microsoft*, 2011 U.S. App. LEXIS 80 at **8-9 (Fed. Cir. Jan. 5, 2011)(non-precedential) (connections to a preferred forum, including incorporation in Texas just 16 days before filing

suit, established in anticipation of litigation and for the likely purpose of making that forum appear convenient are entitled to little or no consideration in determining whether transfer is warranted under 28 U.S.C. §1404(a));  *SRA,* 2010 U.S. Dist. LEXIS 73972  at *16.

Thus, the analysis of private-interest factors – *i.e.*, location of sources of proof, the cost of attendance of willing witnesses, and the availability of compulsory process – all strongly favor transfer of venue to the Northern District of California.  *See id.*,  2010 U.S. Dist. LEXIS 73972, at ** 9-12.

> 3.      The Public Interest Factors Weigh In Favor Of Transfer To The Northern District Of California

The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict laws [or in] the application.  The second factor weighs decisively in favor of transfer.  The remaining three factors are neutral.

> a.      The Northern District Of California Has A Significant And Over-Riding Local Interest In This Dispute

The Northern District of California has a significant and over-riding local interest in this dispute.  The patented technology appears to have been developed, manufactured and sold in Northern California.  *See* Complaint, Exhibit A.  A strong local interest exists when the "cause of action calls into question the work and reputation of several individuals residing in or near that district who presumably conduct business in that community." *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009).  Such an interest abides here in the Northern District of California, where the conduct of Actify, the inventor of the '625 patent, and the attorney who prosecuted it all are at issue.  No similar or comparable compelling local interest exists in the Eastern District of Texas.

The availability of the Defendants' products for purchase throughout the entire U.S., including in this District, does not create a countervailing interest here.  The courts have repeatedly explained that, in cases in which the accused products can be found all over the country (as Plaintiff here alleges), no specific venue has a dominant interest in resolving a claim for patent infringement.  *See In re TS Tech*, 551 F. 3d at 1321;  *see also Volkswagen II*, 545 F. 3d at 318 (mere availability of the allegedly infringing product in the district does not create a local interest in the dispute, as such a rational "could apply virtually to any judicial district or division in the United States").  The Northern District of California clearly has an overriding local interest in this dispute.

b.    Practical Considerations Favor Transfer

The other three public interest factors are neutral.  There are no administrative difficulties flowing from court congestion or issues with forum familiarity with U.S. patent laws in the transferee court.  The Northern District of California, like this Court, is familiar with patent law and has deep experience litigating patent cases.  *SRA*  2010 U.S. Dist. LEXIS 73972 at *17 (citing *T.S. Tech*, F.3d at 1320-21).  The Northern District of California also has asked to be a participating district in the Patent Pilot Program under Pub. L. No. 111-349, 124 Stat. 3674.  *See* News Release dated January 26, 2011 (located at http://www.cand.uscourts.gov/news/30).  Both Districts have Local Patent Rules and district judges well versed in patent law.  There are no conflict of law issues here.

Moreover, because this motion to transfer venue is filed so early in these proceedings, the expected timeline for claim construction and trial renders this factor neutral to the transfer analysis.  *Id.* at ** 13-14.

14

## IV.   CONCLUSION

In view of the foregoing, the instant motion is well founded, and this case should be transferred to the far more convenient forum that has compulsory process over non-party witnesses and documents integral to many pleaded defenses, rather than remain in this forum, where lack of compulsory process may limit defenses at trial.  The instant motion to transfer to the Northern District of California should be granted.


Dated:  June 6, 2011                                                  Respectfully submitted,

HOGAN LOVELS US LLP                              PATTERSON & SHERIDAN, LLP

/s/ Clayton C. James (with permission)             /s/ Jerry R. Selinger_____
Clayton C. James (Colo. Bar. No. 26110)          Jerry R. Selinger
Email: clay.james@hoganlovells.com               State Bar No. 18008250
Srecko Vidmar (Colo. Bar. No. 34921)             Email: jselinger@pattersonsheridan.com
Email: lucky.vidmar@hoganlovells.com             Susan E. Powley
1200 17th Street, Suite 1500                      State Bar No. 00784785
Denver, Colorado 80202                            Email: spowley@pattersonsheridan.com
Telephone: 303-899-7300                           1700 Pacific Avenue, Suite 2650
Facsimile: 303-899-7333                           Dallas, Texas 75201
                                                  Telephone: 214-272-0957
ATTORNEYS FOR DEFENDANT AND            Facsimile: 214-296-0246
COUNTERCLAIMANT APPLE INC.

                                                  ATTORNEYS FOR DEFENDANT AND
                                                  COUNTERCLAIMANT HTC AMERICA,
                                                  INC.

KILPATRICK TOWNSEND & STOCKTON
LLP

 /s/ Andrew T. Oliver        (with permission)
Theodore T. Herhold (CA Bar No. 122895)
Email: therhold@kilpatricktownsend.com
Andrew T. Oliver (CA Bar No. 226098)
Email: aoliver@kilpatricktownsend.com
Eric M. Hutchins (CA Bar No. 245462)
Email: ehutchins@kilpatricktownsend.com
379 Lytton Avenue
Palo Alto, CA  94301
Telephone:     (650) 326-2400
Facsimile:     (650) 326-2422

Bonnie M. Grant (Tex. Bar No. 24067634)
Email: bgrant@kilpatricktownsend.com
Suite 2800
1100 Peachtree Street
Atlanta, Georgia  30309-4530
Telephone:     (404) 815-6500
Facsimile:     (404) 815-6555

ATTORNEYS FOR DEFENDANT AND
COUNTERCLAIMANT
ADOBE SYSTEMS INCORPORATED

DONNELLY, CONROY & GELHAAR, LLP

 /s/ T. Christopher Donnelly (with permission)
T. Christopher Donnelly
Email:  tcd@dcglaw.com
One Beacon Street, 33rd Floor
Boston, MA 02108
Telephone:     (617) 720-2880
Facsimile:     (617) 720-3554

TADLOCK LAW FIRM
Craig Tadlock
Email:craig@tadlocklawfirm.com
Texas State Bar No. 00791766
400 E. Royal Lane, Suite 290
Irving, Texas 75039
Telephone:  (214) 785-6014   and
315 N. Broadway, Suite 307 Tyler, Texas
75702
Telephone:  (903) 283-2758

ATTORNEYS FOR DEFENDANT AND
COUNTERCLAIMANT
QUICKOFFICE, INC.

THE HEARTFIELD LAW FIRM

/s/ J. Thad Heartfield  (with permission)
J. Thad Heartfield (Texas Bar No. 09346800)
M. Dru Montgomery (Texas Bar No.
24010800)
2195 Dowlen Road
Beaumont, Texas 77706
Telephone: (409) 866-3318
Fax: (409) 866-5789
Email: thad@jth-law.com
dru@jth-law.com


LEE, HONG, DEGERMAN, KANG &
WAIMEY
A Professional Corporation

Mark L. Sutton (California Bar No. 120255)
Michael G. Oleinik (California Bar No.
181163)
Rex Hwang (California Bar No. 221079)
660 South Figueroa Street, Suite 2300
Los Angeles, CA 90017
Telephone: (213) 623-2221
Facsimile: (213) 623-2211
Email: msutton@lhlaw.com
moleinik@lhlaw.com
rhwang@lhlaw.com

ATTORNEYS FOR DEFENDANT AND
COUNTERCLAIMANT LG ELECTRONICS
MOBILECOMM USA, INC.

GILLAM & SMITH, LLP

/s/ Melissa Richards Smith (with permission)
Email: melissa@gillamsmithlaw.com
303 South Washington Avenue
Marshall, TX 75670
903/934-8450
Fax: 903/934-9257


ATTORNEYS FOR DEFENDANTS AND
COUNTERCLAIMANTS SAMSUNG
ELECTRONICS AMERICA INC. AND
SAMSUNG TELECOMMUNICATIONS
AMERICA LLC

## CERTIFICATE OF CONFERENCE

The undersigned certifies that the moving parties complied with Local Rule CV-7(g)'s meet and confer requirement. On Monday, May 23, 2011, Jerry Selinger, counsel for HTC America, acting on behalf of the Moving Defendants, conducted a telephonic conference with Hao Ni, counsel for Plaintiff Hopewell Culture & Design LLC ("Hopewell"). Hopewell's counsel stated that Hopewell opposes the foregoing motion and the transfer of this case to the Northern District of California. The Moving Defendants have thus reached an impasse with the Plaintiff, and present this motion to the Court for determination. Counsel for the non-moving Defendants (Motorola Mobility, Inc., substituted for Motorola, Inc., and Palm, Inc.) have stated that their respective clients do not oppose the motion.

/s/ Jerry R. Selinger_____

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this MOTION TO TRANSFER VENUE TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. §1404(a), *via* the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 6th day of June, 2011.

/s/ Jerry R. Selinger_____