**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HOPEWELL CULTURE & DESIGN, LLC, § § § Plaintiff, § § v. § § Civil Action No. 2:10-CV-00586-DF-CE ADOBE SYSTEMS INCORPORATED, § APPLE INC., HTC AMERICA, INC., § **JURY TRIAL DEMANDED** LG ELECTRONICS MOBILECOMM § U.S.A., INC., MOTOROLA , INC., § NOKIA, INC., OPERA SOFTWARE ASA, § PALM, INC., QUICKOFFICE, INC., § SAMSUNG ELECTRONICS, USA, INC., § SAMSUNG TELECOMMUNICATIONS § AMERICA, L.L.C., § § Defendants. § § | |

**HOPEWELL CULTURE & DESIGN, LLC'S RESPONSE IN OPPOSITION
TO DEFENDANTS APPLE INC., ADOBE SYSTEMS, INC., LG ELECTRONICS
MOBILECOMM USA, INC., HTC AMERICA, INC., QUICKOFFICE, INC., SAMSUNG
ELECTRONICS AMERICA INC., AND SAMSUNG TELECOMMUNICATIONS
AMERICA LLC'S MOTION TO TRANSFER VENUE**

**I.     FACTUAL BACKGROUND**

Defendants Apple Inc. ("Apple"); Adobe Systems, Incorporated ("Adobe"); LG Electronics Mobilecomm USA, Inc. ("LG"); HTC America, Inc. ("HTC"); Quickoffice, Inc. ("Quickoffice"); Samsung Electronics America, Inc. ("SEA"); and Samsung Telecommunications America, L.L.C. ("Samsung"), (collectively "the Moving Defendants"[1]) has lodged a motion to transfer venue on June 6, 2011 (D.I. 89) ("Motion")—not because venue

---

[1] The term "Moving Defendants" does not include Apple because Apple is no longer a party to this litigation.

in the Eastern District of Texas ("District" or "EDTX") is improper—but because venue in the District of Northern California ("Transferee District" or "NDCA") is allegedly more convenient.

The facts and the law demonstrate that the Motion to transfer must be denied. Nearly half of the remaining parties are resident in this District, a fact that strongly supports keeping the case in this District Court. Plaintiff is entitled to substantial deference in its choice of venue. Moving Defendants have simply failed to meet their substantial burden of showing that the relevant facts "clearly" support transfer. In fact, the Moving Defendants have failed to identify any facts to support their motion. Instead, they have repeatedly tried to mislead the Court as to the proper standard and are asking this Court to disregard the substantial deference routinely afforded to a plaintiff's choice of venue. The Moving Defendants' argument is contrary to the law of this District. Furthermore, Moving Defendants have failed to assert any substantiated facts to show meaningful inconvenience should this Court deny transfer.

Accordingly, Hopewell respectfully requests the Court deny Moving Defendants' Motion to Transfer Venue.

## II. BACKGROUND

Hopewell brought this suit against Adobe, Apple, HTC, LG, Motorola Mobility, Inc.[2] ("Motorola), Nokia, Inc. ("Nokia"), Opera Software ASA ("Opera"), Palm, Inc. ("Palm"), Quickoffice, Samsung, and SEA on December 22, 2010 alleging infringement of U.S. Patent No. 7,171,625 ("the '625 Patent"). Hopewell, as alleged in the Complaint, is a Texas limited liability company and maintains its principal place of business at 101 East Park Blvd, Suite 600, Plano Texas 75074, a resident of the Eastern District of Texas. *See* Complaint (Dkt. # 1), ¶¶ 2.

---

[2] Hopewell originally filed suit against Motorola, Inc. but due to Motorola, Inc's spinoff of its operations, Motorola Mobility, Inc was substituted.

Of the original Defendants, Motorola, Nokia, Opera, and Apple have since licensed the '625 Patent and have been dismissed from this case with prejudice. Of the Moving Defendants, only Adobe has a principal place of business in the Northern District of California. *See* Complaint [Dkt. # 1], ¶¶ 3.

As admitted by the Moving Defendants, both Quickoffice and Samsung have their principal places of business in the Eastern District of Texas. *See* Motion [Dkt #89], pg 3. Neither LG, HTC, nor SEA has its principal place of business in the Northern District of California.

The only non-moving Defendant, Palm, is a wholly owned subsidiary of the Hewlett-Packard Company. The Hewlett-Packard Company has its corporate headquarters in Palo Alto, CA but directs its U.S. operations from its facility in Houston, TX. *See* [Exh. A, Screenshot of http://www.hp.com/country/us/en/contact/office_locs.html].

## III. THIS ACTION SHOULD REMAIN IN THIS DISTRICT.

### A. Standard of Law

The Moving Defendants must "clearly" show good cause to move venue to the Transferee District. 28 U.S.C. § 1404(a) (2009) (controlling transfer "in the interest of justice"); *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963) ("[O]f course, he who seeks the transfer must show good cause."); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*en banc*) ("This 'good cause' burden reflects the appropriate deference to which the plaintiff[']s choice of venue is entitled."). Thus, "when the transferee venue is not ***clearly*** more convenient than the venue chosen by the plaintiff, the plaintiff[']s choice should be respected." *Id*. (emphasis added). A motion to transfer venue should only be granted upon a showing that the transferee venue is "clearly more convenient" than the venue chosen by the

plaintiff. *In re Nintendo Co.*, 589 F.3d 1194, 1197 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009); *In re TS Tech USA Corp.,* 551 F.3d 1315, 1319 (Fed. Cir. 2008)

To transfer venue, this Court must answer two inquiries in the affirmative: (i) if the action "might have been brought" in the Northern District of California, the Transferee District; and (ii) if so, is the transfer "clearly" for the convenience of the parties based on the private and public factors adopted by the Fifth Circuit. *Id.* at 312, 315. The private factors are:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Id*. at 1315 (citation omitted); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *Nintendo*, 589 F.3d at 1198; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319. The public interest factors for the Court to consider in this analysis are:

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*Volkswagen*, 545 F.3d at 315 (citation omitted); *Gilbert*, 330 U.S. 501 at 508-09; *Nintendo*, 589 F.3d at 1198; *Genentech*, 566 F.3d at 1342; TS Tech., 551 F.3d at 1319.

Moving Defendants must offer concrete facts to support transfer. "Defendants seeking a transfer cannot carry their burden by merely making unsupported assertions, but rather they must properly establish relevant venue facts . . . ." *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999).

Moving Defendants' vague assertions fall short of "clearly" alleging facts that demonstrate good cause exists to usurp Hopewell's choice of venue in this District.

### B. Hopewell is a Resident of the Eastern District of Texas

Hopewell incorporated in Plano, Texas shortly before this litigation. Other than directing this litigation, Hopewell's Plano office is used for business purposes such as the receipt of notices from the State of Texas as well as notices and payments from licensees of its patent. Accordingly, the Court should grant consideration to Hopewell's decision to conduct business and avail itself to the laws of Texas.

### C. Hopewell Could Have Filed this Action in the Transferee District.

Hopewell does not contend that this action could not have been brought in the Transferee District, where venue exists. However, in view of the private and public factors, this Court should deny transfer of venue to the Northern District of California.

### D. Private Factors Do Not Favor Transfer.

#### 1. The Court Should Afford Weight to Hopewell's Selection of Venue in the Eastern District of Texas.

A plaintiff's choice of venue is "a burden of proof question"—placing a significant burden on the movant (Moving Defendants) to show good cause for transfer. *Volkswagen*, 545 F.3d at 314 n.10 (citing *Humble Oil*, 321 F.2d at 56; *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)). The good cause burden—requiring a movant to "*clearly* demonstrate" that an alternate venue is more convenient—reflects the deference that a court should afford a plaintiff's choice of venue. *Volkswagen*, 545 F.3d at 315 (emphasis added); *TS Tech USA.*, 551 F.3d 1319-1320 (declaring plaintiff's venue choice impacts defendant's burden to prove the transferee venue is "*clearly* more convenient") (citations omitted) (emphasis added).

Moving Defendants have turned a blind eye to the fact that this Court has held, on multiple occasions that the great deference routinely afforded to a plaintiff's choice of venue. *See, e.g.*, *Texas Data Co., L.L.C. v. Target Brands, Inc.*, Civ. No. 2:10-cv-269-TJW, pp. 8-11

(E.D. Tex. Jan. 12, 2011) ("*Texas Data*") [Exh. B]; *Ams. for Fair Patent Use, L.L.C. v. Sprint Nextel Corp.*, Civ. No. 2:10-cv-237-TJW), p. 7 (E.D. Tex Jan. 12, 2011) [Exh. C]. This Court has further observed that the defendant in *Volkswagen* only met its heavy burden to transfer venue by showing that (i) four out of the eight factors for venue transfer favored transfer and (ii) no factors cut against transfer. *Texas Data* [Exh B], p. 27. In fact, Judge Ward recently denied a motion to transfer where "two factors slightly weigh in favor of transfer and one factor *slightly weighs* against transfer." *Id*. (emphasis added). *See also Simpleair, Inc. v. Apple Inc., et al* 2:09-cv-00289-CE (E.D. Tex. Jun. 15, 2011). Here, Moving Defendants have failed to show that any of the private or public factors favor transfer. Accordingly, this Court should deny Moving Defendants' Motion to transfer venue.

### 2. Moving Defendants have Failed to Demonstrate that Evidence would be More Accessible in the Transferee District.

First, compared to most other patent cases, the amount of proof required in this case is minimal. The claims of the '625 Patent are directed to a visual element of the accused products. Therefore, the proof needed for infringement in the present case can be ascertained by a limited amount of documents along with a physical inspection of the accused products.

Moving Defendants have failed to mention that Hopewell already possesses certain user guides relevant to showing infringement. Furthermore, additional documentation could likely be viewed and downloaded from any computer with internet access or be provided electronically by the Defendants. *See In re Triton Ltd. Sec. Litig*., 70 F. Supp. 2d at 690 ("[T]he, the location of documents is entitled to little weight in this analysis, given the ease with which they can now be copied."). Similarly, Moving Defendants have failed to show that any relevant documents in its sole possession "are so voluminous that they would be difficult to transport." *Id*.. Other Courts have noted that "today's modern technology allows for the easy exchange of electronic

6

discovery," and the location of documents outside the forum does not warrant transfer. *Acuity Brands v. Cooper Industries, Inc*. 2008 WL 2977464 at *3 (D. Del. 2008).

Hopewell's own documents are available in the Eastern District of Texas. In addition, because Samsung and Quickoffice are both located in the Eastern District of Texas, it is more likely than not that their relevant sources of proof and witnesses are located in the Eastern District of Texas. Furthermore, Hopewell reasonably believes that certain relevant documents and materials s are available at Quickoffice and Samsung's facilities in this District and at Palm's facilities in Houston.

Second, other than possible documents and employees of Adobe, Moving Defendants have not shown that any documents or witnesses would be more accessible in the Transferee District.

Quickoffice's declaration that its director of partner development is based in the San Francisco Bar area should be given no weight whatsoever. [QuickOffice Decl. at 3] Moving Defendants have not demonstrated how this witness would be even remotely relevant to Hopewell's sources of proof. Furthermore, the Northern District of California would be less convenient for Quickoffice's CEO, resident in Connecticut, and Director of Business Development, resident in London, England.

Although remaining in this district may slightly inconvenience HTC and LG, this does not arise to the level that the Northern District of Texas is clearly more convenient.

Hopewell's witnesses likely include the inventor, Cristiano Sacchi, and the principal of Todo Partners, LLC[3], Addison Fischer. Although Mr. Sacchi is located near the bay area, Mr. Fisher is a resident of Florida, making it thus less convenient for Mr. Fischer.

---

[3] Todo Partners, LLC is the owner by assignment of the '625 Patent and Hopewell is the exclusive licensee with all rights in the '625 Patent.

As for LG, and non-movant Palm, Moving Defendants' naked assertion that "the bulk of relevant documents and witnesses from these two defendants will likely be a location in California" does not alter the balance of this factor. Motion [Dkt. #89] pg. 6. For at least these reasons, the accessibility of evidence factor favors Hopewell.

### 3. Availability of Compulsory Process Does Not Weigh in Moving Defendants' Favor.

Moving Defendants identify only the inventor of the patent-in-suit and the prosecuting attorney as non-party witnesses where the compulsory process may be required. However, Moving Defendants have not shown that either compulsory witness would not be agreeable to attend trial in Texas.

Furthermore, Moving Defendants' blanket assertion that "so many critical third party witnesses are located in Northern California" is completely without support. *See* Motion [Dkt. #89]. As such, this factor falls short of clearly weighing in favor of the Moving Defendants.

### 4. Cost of Attendance for Willing Witnesses Clearly Favor This District.

As discussed above, three of the remaining parties have their headquarters in the Eastern District of Texas. The costs for attendance by their willing witnesses favor this district. Of the other Defendants, SEA, headquartered in New Jersey, likely has little or no evidence or witnesses in its possession as most will be in the possession of its affiliate, Samsung.

Moving Defendants assert that witnesses for HTC and LG are located in Washington and Southern California, respectively. *See* Motion (Dkt. 89), pg. 6; Exh. 2, Declaration of Maron, ¶¶ 3, 9. If taken as true, the cost for attendance for these witnesses is only slightly reduced by being in Northern California. However, Moving Defendants neglect to mention that LG's likely witnesses may also be in South Korea, which makes the costs no less or greater for either district.

8

Adobe's one witness related to its accused product – Adobe Reader for Android – is Mr. Chatterjee, who is located in Adobe's offices in Noida, India. *See* Motion (Dkt. 89), pg. 6; Declaration of Marilyn Becker, ¶ 5. In fact, the cost is no less or greater for Mr. Chatterjee to come to the Eastern District of Texas as it is for him to go to the Northern District of California. However, the cost of attendance will be significantly greater for Samsung, Quickoffice, and Hopewell's witnesses.

As such, this factor significantly favors Hopewell.

C. **Public Interest Factors, Particularly the Local Interest Strongly Favors Litigation in East Texas.**

While Apple was a party to this litigation, the local interest slightly favored the Eastern District. With Apple no longer a party to this litigation, the local interest heavily favors litigation in East Texas.

1. **The Eastern District of Texas has an Overriding Localized Interest.**

First, Hopewell's formation in the Eastern District of Texas and enforcement of its patent rights exclusively in this District has created a localized interest. *Texas Data* (Exhibit C), p. 26 ("[T]he Court will give some weight to the fact that Plaintiff . . . is incorporated in Texas and conducts all relevant operations in the Eastern District of Texas."). Second, Defendants Quickoffice and Samsung maintain their headquarters in this District.

Further, where there is a local interest, it is not unfair to burden citizens with jury duty. *See MedioStream, Inc. v. Acer Am. Corp.*, 2008 WL 4444327 at *3 (E.D. Tex. Sept. 26, 2008) ("The defendants sell the accused systems throughout the United States, including in this district. As such, there is a local interest in adjudicating this dispute, and it is not unfair to burden the citizens of this district with jury duty."). This is especially true as this litigation concerns three residents of this district: Plaintiff Hopewell and Defendants Samsung and Quickoffice. The

Northern District of California concerns only one Movant, Adobe. As such, the localized interest is overridingly in favor of the Eastern District of Texas.

### 2. This District is Highly Familiar with Streamlining Multi-Defendant Patent Litigation.

The Eastern District of Texas is well suited to hear this case, as this Court hears a disproportionate number of multi-defendant patent cases when compared to other districts in the United States. *See Forumlating Litigation-Hold Instructions and Identifying Accused Instrumentalities in Multi-Defendant Patent Litigation*, at 4, attached as Exh. D. This familiarity and this Courts ability to manage such complex cases weigh against transfer. *Volkswagen*, 545 F.3d at 315 (recognizing importance of a court's familiarity with governing laws to the venue transfer analysis). As such, this District's familiarity with the relevant patent laws and its ability to manage and streamline multi-defendant cases weighs heavily in favor of litigating in this District. *See The PACid Group, LLC v. Cisco Systems, Inc. et al* – Civil Action No. 6:09-CV-324 – Dkt. #295, attached as Exh. E. (Ordering early mediation and early sales discovery to streamline multi-defendant case)

### 3. The Conflict of Law and Court Congestion Factors are Neutral.

There is apparently no conflict of law issue, so this factor is neutral. Additionally, Hopewell agrees with the Moving Defendants that there are no administrative difficulties flowing from court congestions in either district.

## IV. CONCLUSION.

Considering all of the "private" and "public" interest factors, Defendants have not shown that the Northern District of California is "clearly more convenient" than the Eastern District of Texas. No good cause exists for transferring venue in this case. In fact, three parties are residents in the Eastern District of Texas. Only one Moving Defendant resides in the Northern

District of California.  It appears that the Eastern District of Texas is clearly <u>more</u> convenient for this case.  As such, Hopewell respectfully requests the Court deny Moving Defendants' motion.

                                         Respectfully submitted,

Dated: July 7, 2011                          */s/ Hao Ni*
                                         Hao Ni
                                         TX State Bar No. 24047205
                                         **NI LAW FIRM, PLLC**
                                         3102 Maple Avenue, Suite 400
                                         Dallas, TX 75201
                                         Telephone: (214) 800-2208
                                         Facsimile: (214) 800-2209
                                         hni@nilawfirm.com

                                         **ATTORNEY FOR PLAINTIFF HOPEWELL CULTURE & DESIGN, LLC**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel of record on this 7th day of July, 2011.

                                               */s/ Hao Ni*
                                               Hao Ni